JOHN PEDRICK *vs.* STEPHEN WHITE & another.

A supplemental bill ought not to be filed as a matter of course, but only by leave of the court upon sufficient cause shown ; and the supplemental matter must be verified by affidavit, or other satisfactory proof.

To warrant the filing of such bill, it should be shown to the court, either, 1st. That the matter, relied upon as supplemental, arose after the original suit was commenced ; or 2d. That the facts relied upon first came to the plaintiff's knowledge, or were made known to him in such a manner that he could avail himself of them, after the cause had passed the stage in which he might have had leave to amend; or 3d That the plaintiff has been prevented, through inadvertence, misapprehension, &c. of himself, or his agents or counsel, or other cause satisfactorily shown, from availing himself of the proposed matter of his supplemental bill, at an earlier stage of the cause.

THIS was a supplemental bill in equity, filed without leave of the court, after answer to the original bill, issue joined, evidence taken, and publication passed. The defendants demurred thereto, assigning various causes of demurrer, which were fully argued. The discussion of those points only, which were noticed by the court, is here inserted.

*Brigham*, ( *C. P. Curtis* was with him,) for the defendants

Before a supplemental bill can be filed, in a case like this, leave therefor must be obtained of the court. 1 Hoffm Ch. Pract. 403. *Eager* v. *Price*, 2 Paige, 333. Lubè's Analysis, 171. 2 Mad. Ch. Pract. 404. Want of such leave is a proper exception on demurrer. 1 Hoffm. Ch. Pract. 405.

The bill cannot be sustained, as it is accompanied by no proof of the allegations therein, either by oath or other verification. Lubè, *ubi sup.*

*G. Minot*, ( *Choate* was with him,) for the plaintiff. The

rule which requires leave of the court to file a supplemental bill, in such a case as this, is peculiar to New York. This court has published no such rule. Even in New York, leave is grant· ed *ex parte*, like leave to plead double in an action at law. *Lawrence* v. *Bolton*, 3 Paige, 294. *Eager* v. *Price*, 2 Paige, 333.

The English works on equity pleading do not intimate that leave must be asked to file a supplemental bill. Cooper Eq. Pl. 73. Mitford, (3d ed.) 48. In Story's Eq. Pl. 270, it is said not to be always a matter of right, but no criterion is mentioned by which to distinguish when it is of right and when within the discretion of the court.

There is no instance in which a mere supplemental bill, founded on newly discovered evidence, was ever objected to, in England, because leave was not obtained to file it, except where a *decree* had been previously made. Lord *Hardwicke·* passed an order (2 Atk. 139, *note*,) that after a decree, leave should first. be asked. The rule cited from Lubè and 2 Mad. Ch. Pract. applies only to bills of review, or supplemental bills in the nature of bills of review, or after a decree has been passed. *Anon.* 2 P. W. 284. Willis Eq. Pl. 376, *note.*

There are numerous cases in which no leave appears to have been asked, and no objection made on that account. *Usborne* v. *Baker*, 2 Mad. R. 379. *Crompton* v. *Wombwell*, 4 Simons, 628. *Greenwood* v. *Atkinson*, 5 Simons, 419. *Philips* v. *Clark*, 7 Simons, 231.

If, in strictness, leave ought to have been first asked, yet as the want of it is not apparent on the record, the objection cannot be taken by demurrer. The defendants should have moved that the bill be dismissed.

No precedent requires that the bill should be verified by oath or otherwise. Equity Draftsman, (Am. ed.) 626. Lubè, on this point, as well as on that of prior leave, mentions only bills of review, &c.

SHAW, C. J. This case comes before the court on a de· murrer to a supplemental bill. Several causes were assigned, out they mainly resolve themselves into two, namely :

1. That this supplemental bill was irregularly filed, being done without leave of the court first obtained for the purpose; and

2. That it does not appear, either by the bill itself, or by any affidavit or other evidence in support of it, that the matter set forth in the supplemental bill has been newly discovered, or that it could not have been introduced originally, or by way of amendment, into the original bill.

The practice of chancery, in all its various details, is still so comparatively new in this court, and the court are so frequently called upon to examine and apply the rules to new cases as they occur, amidst the pressure of common law engagements, that we are obliged to proceed with caution, and are in danger of falling into some irregularity.

From the short examination which we have been able to give the subject, being disposed to speed the cause by an early decision, it appears to be an established rule, and on the whole a useful one, that a supplemental bill ought not to be filed as a matter of course, but only by leave of the court first obtained; and that upon sufficient cause shown. The filing of a supplemental bill after the cause is at issue, and publication of the evidence passed, might lead to great delay and abuse, and operate as a means of evading many of the salutary rules requiring the parties to set forth their full grounds, and procure all the evidence they respectively rely upon, before publication.

In order to lay the foundation for filing a supplemental bill, it ought to be shown to the satisfaction of the court, either

1. That the matter, relied upon as supplemental, has arisen since the commencement of the original suit; or

2. That the facts relied on have first come to the plaintiff's knowledge, or been made known to him in such a manner that he could avail himself of them, since the cause has passed the stage in which he might have had leave to amend; or

3. That the plaintiff has been prevented, through inadvertence, misapprehension on the part of himself, or his agents or counsel, or by some other cause satisfactorily shown, from availing himself of the matter proposed to be introduced by his supplemental bill, at an earlier stage of the cause.

The supplemental bill must be confined to such matter, and must be verified by affidavit or other satisfactory proof.

Whether, in case of a supplemental bill filed without leave of court, the objection should be taken advantage of by demurrer or motion to dismiss, is a question which it is not necessary to decide ; because the plaintiff has moved for leave to file such a bill, and the court are of opinion that it is not too late, if sufficient cause is shown, to sustain it.    The case will therefore stand open upon that. motion.